lated section 217.690.4 and section 558.019 in calculating the minimum prison term" that Clark must serve before he is eligible for parole consideration. Because the trial court afforded Clark the relief he requested in his petition for declaratory judgment, we affirm. Rule 84.16(b).

him that (1) it would be better for him to tell his side of the story and (2) telling the truth would not hurt him. We hold that the subject statements were not coercive and that therefore the defendant was not compelled to incriminate himself. Accordingly, we affirm. Rule 30.25(b).

STATE of Missouri, Respondent,

v.

Ronald D. CHRISTIAN, Appellant.

No. WD 70718.

Missouri Court of Appeals,
Western District.

Dec. 30, 2010.

Susan L. Hogan, Appellate Defender, Kansas City, MO, for Appellant.

Chris Koster, Attorney General, John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division II: JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

#### Order

PER CURIAM:

This is a self-incrimination case. The issue is whether, despite an otherwise valid waiver of his rights after having received the *Miranda* warnings, the defendant was compelled to be a witness against himself by virtue of the police informing

Clyde E. GRIFFIN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 71401.

Missouri Court of Appeals,
. Western District.

Dec. 30, 2010.

Susan E. Summers, Kansas City, MO, for appellant.

Shaun J. Mackelprang and Karen L. Kramer, Jefferson City, MO, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, Presiding, JAMES E. WELSH, Judge and GARY D. WITT, Judge.

#### ORDER

PER CURIAM:

Clyde Griffin appeals the circuit court's judgment denying his motion for post-conviction relief.